**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YEFFERSON RODRIGUEZ-LOPEZ,<br><br>          Petitioner,<br><br>    v.<br><br>WARDEN, FCI FT. DIX N.J.,<br><br>          Respondent. | Civil Action No. 23-4164 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

      This matter comes before the Court on the habeas petition filed by Petitioner Yefferson Rodriguez-Lopez pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice for lack of exhaustion.

**I.**    **BACKGROUND**

      Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 1.) Petitioner is currently serving an 18 year sentence for a firearms related murder in violation of 18 U.S.C. § 924(j). (ECF No. 1-1 at 1.) In his habeas petition, Petitioner contends that he should be eligible to receive credits under the First Step Act, but has not yet been awarded

any such credits as back in February 2023 he was allegedly improperly listed as ineligible based on an immigration detainer. (ECF No. 1 at 6-7, ECF No. 1-1 at 1-2.) Absent the 365 days worth of credits to which Petitioner believes he is entitled, he is scheduled for release in April 2031. (ECF No. 1-1 at 1.) Petitioner did not file a grievance or administrative remedy prior to filing his habeas petition. (ECF No. 1 at 2.)

II.  **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

III.  **DISCUSSION**

In his current petition, Petitioner argues that the BOP should be ordered to consider him eligible for First Step Act good time credits and to award him such credits. Petitioner asserts that he has been improperly denied credits solely because of an immigration detainer. However, these arguments ignore that the Bureau of Prisons altered the relevant policy – Program Statement

2

5410.01 – in February 2023 such that prisoners with immigration detainers are now eligible to earn First Step Act credits and apply them towards early release on supervised release. *See* U.S. Dep't of Justice, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Aug. 2, 2023). Under the amended policy, as in the First Step Act itself, only those inmates with a final order of removal are rendered ineligible. If Petitioner is correct that his eligibility turns solely on the immigration detainer, then that erroneous determination can be directly corrected through a grievance filed with the appropriate federal entity. As the BOP is the administrative entity tasked with calculating the number and applicability of federal prison credits, they have the full ability and authority to correct factual or calculation errors and apply additional credits as needed. *Barksdale v. Sing Sing*, 645 F. App'x 107, 109-10 (3d Cir. 2016). Thus, the BOP has the ability, through prison grievance systems, to provide Petitioner with the relief he seeks, and it appears from Petitioner's allegations that Petitioner's alleged ineligibility is the result of his failure to pursue relief through BOP grievance procedures.[1]

Petitioner's failure to pursue administrative remedies prevents him from litigating this issue before this Court. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally

---

[1] Petitioner contends that he is listed as ineligible solely because of his immigration detainer, and Petitioner contends he has not been convicted of a crime which renders him statutorily ineligible. That allegation, however, may not be factually correct. Petitioner pled guilty to a violation of 18 U.S.C. § 924(j), which criminalizes causing the death of another in the course of illegally using a firearm in violation of 18 U.S.C. § 924(c). Convictions resulting from violations of § 924(c) render an inmate statutorily ineligible to receive credits under the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). As a conviction under § 924(j) subsumes a violation of § 924(c), it is possible that the BOP has rendered Petitioner ineligible because it considers his crime of conviction to render him statutorily ineligible. However, This Court assumes for the basis of this opinion that Petitioner is correct that he has been marked ineligible based solely on his detainer. This issue is one of many reasons why proper exhaustion is necessary in this case to develop a sufficient factual record for this Court to review Petitioner's claims.

bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Because Petitioner appears to be eligible under the amended policy discussed above, and the BOP has the power and authority to correct improper calculations of credits and determinations of credit eligibility, exhaustion would not be futile in this case, and this Court perceives no basis for Petitioner to avoid the exhaustion process. Likewise, requiring exhaustion here will permit the development of a sufficient factual record to permit later habeas relief to the extent Petitioner's administrative remedies do not bear fruit, and in any event does no harm to Petitioner who would not be scheduled for release until 2030 even *if* he is awarded the credits he now seeks. Because Petitioner has failed to show a basis for not applying the exhaustion requirement, as exhaustion would not be futile in this case, and as Petitioner can potentially secure the relief he seeks through administrative exhaustion, this matter must be dismissed without prejudice in light of Petitioner's failure to properly exhaust his administrative remedies prior to filing suit.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. An order consistent with this Opinion will be entered.

                                                                    Hon. Karen M. Williams,
                                                                    United States District Judge